### Federal Land Bank of Louisville
### v.
### Hildebrand
*[Cite as 5 AOA 79]*

*Case No. CA-723*
*Morrow County, (5th)*
*Decided July 27, 1990*

*F. Richard Heath, Sara M. Grundish, Hite and Heath, 26 South Main Street, Utica, OH 43080, for Plaintiff-Appellee.*

*Paul J. Haytcher, Haytcher and Denardo, 4181 East Main Street, Columbus, OH 43213-2975, for Defendant-Appellant.*

PUTMAN, P. J.

This is an appeal from the judgment of the Court of Common Pleas of Morrow County, Ohio, in favor of plaintiff-appellee, The Federal Land Bank of Louisville (appellee), and against the defendant-appellant, Dale Hildebrand (appellant), in the sum of $12,726.18 plus interest from October 1, 1986.

Appellant now seeks our review and raises the following assignment of error:

"*ASSIGNMENT OF ERROR NO. I*

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT-APPELLANT'S MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS, *REVISED CODE SECTION 2305.11 (A)*, AND IN GRANTING PLAINTIFF-APPELLEE'S JUDGMENT."

For the reasons stated below, appellant's assignment of error is sustained, and we reverse the trial court's judgment on the authority of *Zimmie v. Calfee Halter & Griswold* (1989), 43 Ohio St. 3d 54.

Appellant is an individual licensed to practice law in Ohio. Appellee hired appellant to examine the real estate title to property located in Morrow County and owned by George Guy and his wife.

On June 4, 1980, appellant completed the title search and rendered a written final certificate of title stating that appellee had the first and best lien on the property. However, one of the parcels of property was in fact subject to a prior mortgage lien to Marion Production Credit Association (P.C.A.). Consequently, appellee did not have the first and best lien on the property.

On January 9, 1984, appellant received a letter from appellee that stated:

"I [attorney for appellee] have enclosed a copy of the Certificate of Title that you prepared for the Bank on the above-mentioned loan to George Guy. It has been brought to my attention that as to tract 3 the Federal Land Bank of Louisville does not have a first mortgage lien. The Marion Production Credit Association's mortgage recorded in Mortgage Book 212, page 337 was never released of record. At this point the PCA is unwilling to release their mortgage or waive their priority to the Federal Land Bank of Louisville. Further, I have been advised that the PCA has made further advances since the closing of the Land Bank's loan that are secured by this first mortgage.

"This letter is to inform you of the potential problems that could arise on this loan. It appears that the Guys may be paying off their loan with PCA that is secured by the first mortgage on the 74 acre tract. Hopefully, this situation will correct itself through this payment. However, I felt that you should be aware of the situation so that you may take any steps that you feel may be necessary. Should you have any questions regarding this matter. (*sic*) Please do not hesitate to contact me."

On June 20, 1986, the property upon which P.C.A. held the first lien was sold at a foreclosure sale that had been initiated by appellee in *The Federal Land Bank of Louisville v. Guy, et al.* Morrow County Court of Common Pleas Case No. 18, 901. Pursuant to the order confirming sale and ordering deed and distribution, P.C.A. was paid $12,726.18 first from the proceeds of the Sheriff's sale. This sum would have been paid to appellee had it held the first lien as the title certificate prepared by appellant stated.

On June 22, 1987, appellee filed suit against appellant for damages resulting from appellant's negligence in overlooking the prior lien held by P.C.A. while doing the title search for appellee.

Appellant moved to dismiss appellee's complaint on the grounds that appellee's suit was barred by R.C. 2305.11(A), the one year statute of limitations for malpractice actions.

The trial court overruled appellant's motion to dismiss, finding that appellee's action was timely filed because it was filed within one year from the date of the Sheriff's sale. The trial court reasoned that the one year statute of limitations did not begin to run until the Sheriff's sale because appellee's damages were not ascertainable until the Sheriff's sale.

Appellee then moved for summary judgment. Appellant reiterated his statute of limitation defense. The trial court granted appellee's motion for summary judgment and awarded a money judgment in favor of appellee and against appellant in the amount of $12,726.18, plus interest.We turn now to appellant's assignment of error.

## I.

By his assignment of error, appellant argues that the trial court erred in overruling his motion to dismiss because appellee's malpractice claim was barred by R.C. 2305.11, the one year statute of limitations for malpractice actions.

Both parties agree that *Zimmie v. Calfee Halter & Griswold* (1989), 43 Ohio St.3d 54, is the controlling authority. The syllabus in *Zimmie* states:

"Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognisable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *(Omni-Food & Fashion. Inc. v. Smith* [1988], 38 Ohio St.3d 385, 528 N.E. 2d 941,applied.)

In *Zimmie*, appellant alleged that his lawyers committed legal malpractice when preparing an antenuptial agreement for appellant. The antenuptial agreement was prepared by appellant's attorney in May 1963, and appellant was married in June 1963. In August 1977, appellant' wife sued for a divorce. On October 13, 1981, the trial court invalidated the antenuptial agreement. A trial was held and on December 9, 1981, a decree of divorce was entered by the trial court. On February 3, 1983, the court of appeals affirmed the trial court's decision invalidating the antenuptial agreement. On June 13, 1984, the Ohio Supreme Court affirmed the court of appeals. On June 7, 1985, appellant brought his legal malpractice action against the law firm that had prepared the antenuptial agreement.

The law firm moved for summary judgment, arguing that appellant was barred from bringing his action because more than one year had past since the legal malpractice action had accrued. Appellant argued that his legal malpractice action accrued on June 13, 1984, the date that the Supreme Court of Ohio invalidated the antenuptial agreement, and therefore, when he filed his complaint on June 7, 1985, he was within the one year statute of limitations.

The trial court entered judgment in favor of the law firm,finding that as early as June 6, 1963, the day of appellant's marriage, appellant knew that his lawyers had not prepared the schedule of assets necessary for the proper execution of a valid antenuptial agreement. On appeal, the appellate court affirmed the trial court, holding that appellant's legal malpractice action accrued on October 13, 1981, the date that the trial court invalidated the antenuptial agreement.

In affirming the appellate court, the Ohio Supreme Court stated:

"In this case, we find that the cognizable event whereby Zimmie discovered or should have discovered that she was injured by appellees' ction and was put on notice of his need to pursue his possible remedies against appellees was on October 13, 1981 when the trial court invalidated the antenuptial agreement. At that time, Zimmie should have realized that the property he brought into his marriage would not be protected from his wife Kathryn in the divorce proceeding, i.e., his monetary exposure in the divorce would be greater since the antenuptial agreement was invalid. When the trial court held that the antenuptial agreement was invalid, Zimmie was put on notice of his need to pursue further remedies against appellees, who had drafted the agreement.

"Although Zimmie's damages were not completely ascertainable after the trial court invalidated the antenuptial agreement, Zimmie was appreciably and actually damaged by the trial court decision. ***

"In *Allenius*, we stated that we did not believe that an injured person must be aware of the

full extent of the injury before there is a cognisable event. Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person that an improper medical procedure, treatment or diagnosis has taken place.

"In this case, the trial court's invalidation of the antenuptial agreement was a cognizable event which should have alerted a reasonable person that a questionable legal practice may have occurred." *Zimmie, supra,* at 58.

Applying this rationale to the case *sub judice,* we conclude that when appellee sent appellant the letter of January 9, 1984 appellee was aware that appellant had overlooked a prior lien while doing the title search for appellee and thus appellee was put on notice of its need to pursue further remedies against appellant. As of this date, appellee had discovered that it was injured by appellant's negligence, even though at this time the full extent of appellee's damages were not completely ascertainable. However, according to the rationale in *Zimmie,* this is not fatal. "Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person that an improper medical procedure, treatment or diagnosis has taken place." *Zimmie, supra,* at 58.

Thus, appellee did not have to wait until the Sheriff's sale on June 20, 1986, in order to be aware of the full extent of its injuries. When appellee discovered that appellant had overlooked the prior lien, appellee was aware that a "questionable legal practice may have occurred" and therefore, it was at this time that appellee's cause of action for legal malpractice against appellant accrued.

R.C. 2305.11(A) mandates that a legal malpractice action be brought within one year after the cause of action accrues. Appellee filed suit against appellant on June 22, 1987, approximately three and one-half years after the cause of action accrued. Accordingly, appellee's malpractice action was barred by the statute of limitations. Thus, appellant's assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is reversed. Final judgment is hereby entered in favor of appellant and against appellee.

MILLIGAN, J., and GWIN, J. concur.